# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, DISABILITY RIGHTS
FLORIDA, and COMMON CAUSE,

*Plaintiffs,*

v.

LAUREL M. LEE, in her official
capacity as Secretary of State of Florida;
KIM A. BARTON, in her official
capacity as Supervisor of Elections for
Alachua County; CHRISTOPHER
MILTON, in his official capacity as
Supervisor of Elections for Baker
County; MARK ANDERSEN, in his
official capacity as Supervisor of
Elections for Bay County; AMANDA
SEYFANG, in her official capacity as
Supervisor of Elections for Bradford
County; LORI SCOTT, in her official
capacity as Supervisors of Elections for
Brevard County; JOE SCOTT, in his
official capacity as Supervisor of
Elections for Broward County; SHARON
CHASON, in her official capacity as
Supervisor of Elections for Calhoun
County; PAUL A. STAMOULIS, in his
official capacity as Supervisor of
Elections for Charlotte County;
MAUREEN "MO" BAIRD, in her
official capacity as Supervisor of
Elections for Citrus County; CHRIS H.
CHAMBLESS, in his official capacity as
Supervisor of Elections for Clay County;

Case No. 4:21-cv-187-MW-MAF

JENNIFER J. EDWARDS, in her official capacity as Supervisors of Elections for Collier County; TOMI STINSON BROWN, in her official capacity as Supervisor of Elections for Columbia County; MARK F. NEGLEY, in her official capacity as Supervisor of Elections for DeSoto County; STARLET CANNON in her official capacity as Supervisor of Elections for Dixie County; MIKE HOGAN, in his official capacity as Supervisor of Elections for Duval County; DAVID H. STAFFORD, in his official capacity as Supervisor of Elections for Escambia County; KAITI LENHART, in her official capacity as Supervisor of Elections for Flagler County; HEATHER RILEY, in her official capacity as Supervisor of Elections for Franklin County; SHIRLEY G. KNIGHT, in her official capacity as Supervisor of Elections for Gadsden County; CONNIE SANCHEZ, in her official capacity as Supervisor of Elections for Gilchrist County; ALETRIS FARNAM, in her official capacity as Supervisor of Elections for Glades County; JOHN HANLON, in his official capacity as Supervisor of Elections for Gulf County; LAURA HUTTO, in her official capacity as Supervisor of Elections for Hamilton County; DIANE SMITH, in her official capacity as Supervisor of Elections for Hardee County; BRENDA HOOTS, in her official capacity as Supervisor of Elections for HENDRY County; SHIRLEY ANDERSON, in her official capacity as Supervisor of Elections for Hernando County; PENNY OGG, in her

official capacity as Supervisor of Elections for Highlands County; CRAIG LATIMER, in his official capacity as Supervisor of Elections for Hillsborough County; THERISA MEADOWS, in her official capacity as Supervisor of Elections for Holmes County; LESLIE ROSSWAY SWAN, in her official capacity as Supervisor of Elections for Indian River County; CAROL A. DUNAWAY, in her official capacity as Supervisor of Elections for Jackson County; MARTY BISHOP, in his official capacity as Supervisor of Elections for Jefferson County; TRAVIS HART, in his official capacity as Supervisor of Elections for Lafayette County; ALAN HAYS, in his official capacity as Supervisor of Elections for Lake County; TOMMY DOYLE, in his official capacity as Supervisor of Elections for Lee County; MARK S. EARLEY, in his official capacity as Supervisor of Elections for Leon County; TAMMY JONES, in her official capacity as Supervisor of Elections for Levy County; GRANT CONYERS, in his official capacity as Supervisor of Elections for Liberty County; HEATH DRIGGERS, in his official capacity as Supervisor of Elections for Madison County; MICHAEL BENNETT, in his official capacity as Supervisor of Elections for Manatee County; WESLEY WILCOX, in his official capacity as Supervisor of Elections for Marion County; VICKI DAVIS, in her official capacity as Supervisor of Elections for Martin County; CHRISTINA WHITE, in her official capacity as Supervisor of

Elections for Miami-Dade County; JOYCE GRIFFIN, in her official capacity as Supervisor of Elections for Monroe County; JANET H. ADKINS, in her official capacity as Supervisor of Elections for Nassau County; PAUL A. LUX, in his official capacity as Supervisor of Elections for Okaloosa County; MELISSA ARNOLD, in her official capacity as Supervisor of Elections for Okeechobee County; BILL COWLES, in his official capacity as Supervisor of Elections for Orange County; MARY JANE ARRINGTON, in her official capacity as Supervisor of Elections for Osceola County; WENDY SARTORY LINK, in her official capacity as Supervisor of Elections for Palm Beach; BRIAN E. CORLEY, in her official capacity as Supervisor of Elections for Pasco County; JULIE MARCUS, in her official capacity as Supervisor of Elections for Pinellas County; LORI EDWARDS, in her official capacity as Supervisor of Elections for Polk County; CHARLES OVERTURF, in his official capacity as Supervisor of Elections for Putnam County; TAPPIE A. VILLANE, in her official capacity as Supervisor of Elections for Santa Rosa County; RON TURNER, in his official capacity as Supervisor of Elections for Sarasota County; CHRIS ANDERSON, in his official capacity as Supervisor of Elections for Seminole County; VICKY OAKES, in her official capacity as Supervisor of Elections for St. Johns County; GERTRUDE WALKER, in her official capacity as Supervisor of

Elections for St. Lucie County;
WILLIAM "BILL" KEEN, in his official
capacity as Supervisor of Elections for
Sumter County; JENNIFER
MUSGROVE KINSEY, in her official
capacity as Supervisor of Elections for
Suwannee County; DANA
SOUTHERLAND, in her official
capacity as Supervisor of Elections for
Taylor County; DEBORAH K.
OSBORNE, in her official capacity as
Supervisor of Elections for Union
County; LISA LEWIS, in her official
capacity as Supervisor of Elections for
Volusia County; JOSEPH "JOE"
MORGAN, in his official capacity as
Supervisor of Elections for Wakulla
County; BOBBY BEASLEY, in his
official capacity as Supervisor of
Elections for Walton County; CAROL F.
RUDD, in her official capacity as
Supervisor of Elections for Washington
County.

*Defendants.*

---

## PLAINTIFFS' NOTICE OF
## THIRD-PARTY SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 45 of the Federal

Rules of Civil Procedure, Plaintiffs request documents from The Heritage

Foundation.

Plaintiffs request the production of the documents identified in Exhibit A

attached to the Subpoenas no later than September 7, 2021.

## <u>CERTIFICATE OF SERVICE</u>

I, Morgan E. Saunders, an attorney admitted to practice before this Court, hereby certify that on August 5, 2021, I caused a true and correct copy of the foregoing to be served upon counsel of record via email.

Dated: August 5, 2021                COVINGTON & BURLING LLP


/s/ Morgan E. Saunders

Morgan E. Saunders
Admitted Pro Hac Vice

*Counsel for Plaintiffs Florida NAACP,*
*DRF and Common Cause*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Florida

| | |
|---|---|
| Florida State Conference of the NAACP et al. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  4:21-cv-187-MW-MAF |
| Laurel M. Lee, Secretary of State of Florida et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       CT Corporation System, 1015 15th St. NW, Suite 1000, Washington DC 10005 on behalf of The
          Heritage Foundation, 214 Massachusetts Ave, NE, Washington, D.C. 20002

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See document requests attached as Exhibit A to this Subpoena.

| Place: The Law Offices of Nellie L. King, P.A.<br>319 Clematis Street, Suite 107<br>West Palm Beach, FL 33401 | Date and Time:<br><br>09/07/2021 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       08/05/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Morgan E. Saunders |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Florida State Conference of the NAACP et al. _____ , who issues or requests this subpoena, are:

Morgan E. Saunders, 850 10th St NW, Washington, DC 20001, 202-662-6000, msaunders@cov.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:21-cv-187-MW-MAF

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

For a statement of your obligation in producing documents under this subpoena see Rules 45(d), (e) and (f) of the Federal Rules of Civil Procedure, which appear on the final page of the subpoena. Documents should be produced on or before August 27, 2021. To make arrangements for electronic production, contact Benjamin Cavataro at BCavataro@cov.com. Anything that cannot be produced electronically should be produced to Nellie L. King, 319 Clematis Street, Suite 107, West Palm Beach, Florida 33401. The production should be made pursuant to the Definitions and Instructions below.

## **DEFINITIONS**

1.    Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2.    Words or terms not specifically defined herein have the meaning commonly understood, and no definition or example is intended as exclusive.

3.    Words or terms used herein, and all Definitions and Instructions pertinent thereto, have the same intent and meaning regardless of whether the word or term are depicted in lower-case or upper-case letters.

4.    The term "Communication" means transmission of information, including any correspondence, contact, discussion, or written, electronic, or oral exchange between any two or more persons.

5.     The term "Challenged Provision" has the same meaning as defined in the Amended Complaint, ECF No. 45, in this action filed on or about June 11, 2021.

6.     The terms "concerning" and "relating to" mean referring to, related to, regarding, consisting of, pertaining to, reflecting, evidencing, describing, constituting, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic, without limitation, unless otherwise specified in the Request.

7.     The term "Document" means anything that contains information in any form and that is in your possession, custody, or control, including but not limited to e-mails, papers (whether handwritten, printed, or typed), memoranda, letters and other correspondence, notes, agendas, notebook entries, bulletins, graphs, charts, maps, drawings, surveys, data, summaries, telegrams, calendar entries, diaries, spreadsheets, graphics and presentation documents, photographs, images, text files, transaction logs, reports of any kind, minutes of meetings, estimates, receipts, invoices, checks, bids, proposals, licenses, reports to or communications with government entities, financial statements, ledger entries, microfilm, microfiche, computer printouts, computer files, cards, tape recordings, disks, flash drives, and other sources of electronically or magnetically maintained

information, regardless of who prepared or created the document. A draft or non-identical copy is a separate document within the meaning of this term.

8.      The term "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership or company, the State of Florida or an agency or subdivision thereof, a court, and any governmental entity or official in or outside the State of Florida.

9.      The term "Identify" (a) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, present occupation or business affiliation, and present or last known place of employment, and job title or role; (b) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person, and the person's last known address, telephone number, and principal place of business; and (c) when used in reference to a document, requires you to state (i) the date of the document; (ii) title; (iii) author(s), addressee(s), and recipient(s); (iv); present location and custodian of the document, (v) Bates numbers (if any); (vi) type of document (*e.g.*, letter, memorandum, or chart), (vii) general subject matter; or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the respective Request.

10.     The term "SB 90" means Senate Bill 90, which was passed by the Florida Legislature on or about April 29, 2021 and signed into law by Governor Ron DeSantis on or about May 6, 2021, as well as any prior versions of SB 90 and any predecessor or related or related bills, including without limitation House Bill 7041.

11.     The terms "You" and "Your" mean and refer, collectively and individually, to any employees, staff, officers, agents, or representatives of the same.

12.     The following rules of construction apply to all Requests:

a.   The terms "all" and "any" shall each be construed as encompassing any and all;

b.   All uses of the word "each" include "every" (and *vice versa*);

c.   The connective terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all responses that might otherwise be construed to be outside of its scope;

d.   Use of the singular form of any word includes the plural (and *vice versa*);

e.   The term "including" shall be construed without limitation;

f.   The use of a verb in any tense encompasses the use of the verb in all tenses;

g.   References to employees, staff, members, officers, directors, agents, or representatives includes both current and former employees, staff, members, officers, directors, agents, or representatives; and

h.   References to any entity includes all of that entity's employees, staff, members, officers, directors, agents, or representatives.

## **INSTRUCTIONS**

1.     Each Request shall be construed according to its most inclusive meaning so that if information or a document is responsive to any reasonable interpretation of the Request, the information or document is responsive.

2.     If You object to any part of a Request and refuse to answer that part, identify that portion to which You object and respond to the remaining portion of the Request.

3.     If You object to the scope or time period of a Request and refuse to respond for that scope or time period, please state Your objection and respond to the Request for the scope or time period You believe is appropriate.

4.     If You object to any Request as vague or unclear, assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

5.     If You object to any Request as overbroad, provide a response that narrows the Request in a way that eliminates the purported over-breadth, state the extent to which Your response has narrowed the Request, and respond to the narrowed Request.

6.     If You withhold any Document on the claim of privilege, state the specific factual and legal basis for doing so.  Such information should be supplied

in sufficient detail to permit the Plaintiffs to assess the applicability of the privilege claimed.  If You claim privilege or protection over part of a Document, redact that portion which is privileged or protected and produce the remainder of the Document to the fullest extent possible.

7.      These Requests are continuing in nature, and You shall revise or supplement Your responses whenever You obtain different or additional relevant knowledge, information, or belief, from the time of Your initial response through to the end of trial.

8.      If You are unable to respond to any of the Requests fully and completely, after exercising due diligence to obtain the information necessary to provide a full and complete response, so state, and answer each such Request to the fullest extent possible, specifying the extent of Your knowledge and Your inability to answer the remainder, and setting forth whatever information or knowledge You may have concerning the unanswered portions thereof and efforts You made to obtain the requested information.  If You have no information responsive to a Request, then You shall so state.

9.      Subject to any ESI protocol that may be entered into by the parties, all documents are to be produced in electronic form. Documents produced electronically should be produced in native format with all metadata intact. For any election or voter data file, please produce in CSV format if available. If this is not

available, please produce in PDF format. For other documents, to the extent documents can be accurately represented in black and white, they should be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG). Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship and also includes the beginning Bates number; ending Bates number; beginning Attachment Bates number; ending Attaching Bates number; custodian; date sent (for email messages); date modified (for email and non-email messages) where information is available; author (for email and non-email messages); and subject (for email messages). The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image. Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level. Notwithstanding the foregoing, the parties may negotiate a separate production format (including native format) for any documents not reasonably producible or readable as standard image files, such as audio files or large spreadsheets.

10.     For documents produced in TIFF format that originated in electronic form, metadata shall be included with the data load files described above and shall include (at a minimum) the following information: file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the document (that is, the custodian from whom the document was collected or, if collected from a shared drive or server, the name of the shared drive or server); and MD5 hash value. In addition, for email documents, the data load files shall also include the following metadata: sent date; sent time; received date; received time; "to" name(s) and address(es); "from" name and address; "cc" name(s) and address(es); "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count. All images and load files must be named or put in folders in such a manner that all records can be imported without modification of any path or file name information.

11.     If a responsive Communication, Document, or tangible thing has been prepared in copies that are not identical, or if additional copies have been made that are no longer identical, or if original identical copies are no longer identical by reason of subsequent notations on the front or back of pages thereto, each non-identical copy is a separate Communication, Document, or tangible thing and shall be produced.

12.     Produce any password-protected documents with any applicable passwords.

## **REQUESTS FOR PRODUCTION**

### **REQUEST FOR PRODUCTION NO. 1**

All Documents and Communications reflecting, discussing, or otherwise relating to any rationale(s) for enacting SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills.

### **REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications with Governor DeSantis discussing, or otherwise relating to SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills.

### **REQUEST FOR PRODUCTION NO. 3**

All Documents and Communications with any member of the Florida State Legislature discussing, or otherwise relating to SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills.

### **REQUEST FOR PRODUCTION NO. 4**

All Documents and Communications related to advocating or lobbying for legislation to address election reform, election security, or voter fraud following the 2020 General Election.

## REQUEST FOR PRODUCTION NO. 5

All Documents and Communications assessing or predicting the potential impact of SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills, including, but not limited to, impact on Black and Latino voters, people with disabilities, and elderly people.


Dated:  August 5, 2021

/s/ Morgan E. Saunders

Robert D. Fram (*pro hac vice*)
Covington & Burling LLP
415 Mission Street
San Francisco, CA 94105
Tel: 415-591-7025
rfram@cov.com


P. Benjamin Duke (*pro hac vice*)
Shira M. Poliak (*pro hac vice*
forthcoming)
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: 212-841-1270
pbduke@cov.com
spoliak@cov.com

Benjamin L. Cavataro
(Fla. Bar No. 113534)
Jad H. Khazem (Fla. Bar No. 124408)
Virginia A. Williamson (*pro hac vice*
forthcoming)

Nellie L. King
(Fla. Bar No. 0099562)
The Law Offices of Nellie L. King, P.A.
319 Clematis Street, Suite 107
West Palm Beach, FL 33401
Tel: 561-833-1084
Nellie@CriminalDefenseFla.com

John Z. Morris (*pro hac vice*)
Michael Pernick (*pro hac vice*)
Morenike Fajana (*pro hac vice*)
NAACP Legal Defense & Educational
Fund, Inc.
40 Rector Street, 5th Floor New York,
NY 10006
Tel: 212-965-2200
zmorris@naacpldf.org
mpernick@naacpldf.org
mfajana@naacpldf.org

Morgan Saunders (*pro hac vice*)
Covington & Burling LLP
850 Tenth Street, N.W.
Washington, DC 20001
Tel: 202-662-6000
bcavataro@cov.com
jkhazem@cov.com
vwilliamson@cov.com
msaunders@cov.com

*Counsel for Plaintiffs Florida NAACP,*
*DRF and Common Cause*