# EXHIBIT F

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

_____
FLORIDA STATE CONFERENCE )
OF THE NAACP et al.,           )
Plaintiff,                      )
                                )
v.                              )        Civil Action No. 4:21-cv-187-MW-MAF
                                )
LAUREL M. LEE, SECRETARY )
OF STATE OF FLORIDA et al,   )
Defendant.                      )
_____)


### NON-PARTY HERITAGE ACTION FOR AMERICA'S OBJECTIONS TO PLAINTIFFS' RULE 45 REQUEST FOR PRODUCTION OF DOCUMENTS

Non-party Heritage Action for America ("Heritage Action"), by counsel, and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby objects to the document production requests set forth in the *subpoena duces tecum* issued by Plaintiffs Florida State Conference of the NAACP ("Plaintiffs"). Heritage Action reserves the right to raise additional objections as they appear warranted. These objections are based upon the best relevant information presently available to Heritage Action and are made without prejudice to the right of Heritage Action to provide additional or modified objections should better or further information or belief subsequently become available to Heritage Action.

### GENERAL OBJECTIONS

Heritage Action objects to the *subpoena* as a whole on the grounds that it does not seek information relevant to any subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence, but, instead, is intended to harass and oppress Heritage Action, to delve into privileged matters, and to create undue burden and expense for Heritage Action in the conduct of its First Amendment-protected rights.

Plaintiffs have a responsibility to avoid imposing undue burden or expense on a nonparty subject to a subpoena. Fed R. Civ. P. 45(d)(1). In assessing whether a burden is undue under Rule 45, a court will look at the factors articulated in Rule 26(b) of the Federal Rules of Civil Procedure. *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007). Rule 26 generally limits discovery to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs to the case. Fed. R. Civ. P. 26(b)(1).

In evaluating discovery requests of non-parties, one must consider the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This *subpoena* fails on most of these factors.

First, Plaintiffs have requested documents privileged under the First Amendment. The United States Constitution guarantees a right to engage in activities which the First Amendment protects, including the right to petition the government, the right to associate, and the right of speech. The right to petition entitles citizens to communicate with their government officials to express ideas and concerns. *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 388-89 (2011). "[P]etitioning the government is equally central to First Amendment values." *State of Wyoming v. United States Dep't of Agric.*, 208 F.R.D. 449, 454 (D.D.C. 2002). This right incorporates the right to associate with others in a joint effort to convince the government to take particular actions. *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 525 (2002) (quoting *E.R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 131 (1961)). These First Amendment protections apply in the context of discovery as well because the compelled disclosure of affiliations and activities can impose just as substantial a burden on First Amendment rights as can direct regulation. *AFL-CIO v. FEC*, 333 F.3d 168, 175-76 (D.C. Cir. 2003) (citing *Buckley v. Valeo*,

2

424 U.S. 1, 64-68 (1976)); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462-63 (1958)).

Turning over documents related to Heritage Action's communications with the Florida governor

and state legislators ("Government") would frustrate Heritage Action's ability to pursue its

legislative goals by "revealing to their opponents 'activities, strategies and tactics.'"  *AFL-CIO*,

333 F.3d at 177.  The First Amendment provides a privilege against compelled disclosure of

information through any mode of discovery where the intent or practical effect of enforcing it

would chill the rights of speech, association, and petition.  *NAACP v. Alabama*, 357 U.S. at 466.

This is even more apparent in Document Request 4, which is not limited to Florida, but requests

any external or internal document "related to advocating or lobbying for legislation to address

election reform, election security, or voter fraud following the 2020 General Election."  Heritage

Action objects to the Request because it is not limited to the relevant subject matter of this

lawsuit – Florida's law – but requests irrelevant documents relating to any "advocating or

lobbying for legislation to address election reform, election security, or voter fraud following the

2020 General Election" anywhere in the country. Heritage Action objects on the grounds that

such documents are not relevant to the case, and the search and production of such documents

would be unduly burdensome. Further, the information sought is not relevant to any subject

matter in the pending action and not reasonable calculated to lead to the discovery of admissible

evidence.

This *subpoena* impermissibly penalizes and restrains the exercise of Heritage Action's

right to petition the Government by requiring it to disclose communications to the Government,

as well as internal communications.  This compelled disclosure will adversely affect the ability

of Heritage Action and its supporters to collectively advocate for policies promoted by the

Heritage Foundation by inducing Heritage Action and its supporters to withdraw support or

cease petitioning the Government for fear that exposure of their beliefs and communications will

lead to threats, harassment, or reprisal.

Second, the documents requested are completely irrelevant to the matter at hand. Plaintiffs do not and cannot express a legitimate basis for the requested documents, let alone assert a compelling need which is required to justify the infringement of Heritage Action's First Amendment rights. Heritage Action's petitioning of the Government has no relation to the subject of the lawsuit, namely, the constitutionality of a law regarding elections and voting. What Heritage Action did or did not communicate during its petitioning of the Government is not relevant to the constitutionality of the law, the Plaintiffs' statutory arguments, or to any party's claim or defense in the lawsuit. These privileged documents are of minimal relevance at best because Heritage Action is not a party, and the documents relate only to Heritage Action's efforts and its views. A greater showing of relevance and need is required where First Amendment issues are at stake in order to give more protection to First Amendment values. *Austl. E. USA Shipping Conf. v. United States*, 537 F. Supp. 807, 810, 812 (D.C. Cir. 1982).

When a claim of associational privilege is asserted, the relevance standard is more exacting than the minimal showing of relevance under Rule 26(b)(1), and the information must go to the heart of the matter. *State of Wyoming v. United States of Dep't of Agric.*, 239 F. Supp. 2d 1219, (D. Wyo. 2002), *vacated as moot*, 414 F.3d 1207, 1241 (10th Cir. 2005). The privileged documents, particularly Heritage Action's internal communications, have no bearing on the Plaintiffs' claims that the law violates the Voting Rights Act, the First and Fourteenth Amendments to the United States Constitution, or Title II of the Americans with Disabilities Act. Furthermore, Heritage Action's position on election reform is already a matter of public record. That Heritage Action seeks to promote adoption of the public policies promoted by The Heritage Foundation is likewise a matter of public record. These requests encroach so fundamentally on Heritage Action's protected rights, however, that objection is necessary. These privileged

4

documents could be used to harass, threaten, and chill the petition, speech and associational rights of Heritage Action.

Third, Heritage Action objects to the *subpoena* because it is not proportional to the needs of the case and Plaintiffs could more easily obtain the documents sought hereunder through discovery on the Defendants or through requests filed under Florida's Sunshine Law.  Heritage Action objects to the Request to the extent that the documents are within the possession and/or control of the Defendants.  To the extent that the Request calls for such documents, it is unduly burdensome and exceeds the scope of obligations imposed by the Federal Rules of Civil Procedure.  Rule 26(b)(2) limits discovery if the discovery sought it "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Even if the Plaintiffs cannot obtain the privileged documents from other sources, the information is not relevant and therefore, it is not necessary for the Plaintiffs to receive the information to continue to pursue their claims.

"[T]he right to petition [the government is] one of the most precious of the liberties safeguarded by the Bill of Rights" because "the right is implied by the very idea of a government, republican in form." *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524-25 (2002) (internal quotation marks and alteration omitted); *see also United Mine Workers v. Ill. State Bar Ass'n*, 389 U.S. 217, 222 (1967) (holding the right to petition government is "among the most precious of the liberties safeguarded by the Bill of Rights").  Being forced to comply with the *subpoena* would chill and frustrate Heritage Action's right to petition the Government.

Fourth, while Plaintiffs agreed to limit the time frame of the document requests from January 1, 2019 to the present, this time frame is still overbroad and reaches irrelevant documents. Documents created after enactment of the Florida law at issue, particularly any document that was not shared with the Government, can have no bearing on the constitutionality

of the law.

Heritage Action objects to providing any documents covered by the attorney-client or work product privileges, or that are otherwise protected from disclosure under applicable privileges, immunities, laws or rules.  Heritage Action also objects to producing any documentation identifying supporters or containing confidential information relating to any of its supporters on grounds of the First Amendment right to associate in private.

**SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

<u>Request for Production No. 1:</u>

*All Documents and Communications reflecting, discussing, or otherwise relating to any rationale(s) for enacting SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills.*

<u>Response to Document Request 1</u>

Heritage Action objects to this request for all of the reasons set forth above in the General Objections.  This request is not proportional to the needs of the case because, among other reasons:

- The information requested is protected under the First Amendment;

- The information requested is neither relevant nor necessary to resolving the issues in the present action;

- The time frame of the request is overbroad;

- The Plaintiffs have equal or similar access to the potentially relevant information, which it could obtain from the Defendants through discovery or by requesting the information under the Florida Sunshine Act; and

- The burden or expense of the proposed discovery outweighs its likely benefit.

6

Heritage Action's position on election reform is already a matter of public record, nor is it any secret that Heritage Action seeks to promote adoption of the public policies promoted by The Heritage Foundation.

<u>Request for Production No. 2</u>:

*All Documents and Communications with Governor DeSantis discussing, or otherwise relating to SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills.*

<u>Response to Document Request 2</u>

Heritage Action objects to this request for all of the reasons set forth above in the General Objections.  This request is not proportional to the needs of the case because, among other reasons:

- The information requested is protected under the First Amendment;

- The information requested is neither relevant nor necessary to resolving the issues in the present action;

- The time frame of the request is overbroad;

- The Plaintiffs have equal or similar access to the potentially relevant information, which it could obtain from the Defendants through discovery or by requesting the information under the Florida Sunshine Act; and

- The burden or expense of the proposed discovery outweighs its likely benefit.

  Heritage Action's position on election reform is already a matter of public record, nor is it any secret that Heritage Action seeks to promote adoption of the public policies promoted by The Heritage Foundation.

Request for Production No. 3:

*All Documents and Communications with any member of the Florida State Legislature discussing, or otherwise relating to SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills.*

Response to Document Request 3

Heritage Action objects to this request for all of the reasons set forth above in the General Objections.   This request is not proportional to the needs of the case because, among other reasons:

- The information requested is protected under the First Amendment;

- The information requested is neither relevant nor necessary to resolving the issues in the present action;

- The time frame of the request is overbroad;

- The Plaintiffs have equal or similar access to the potentially relevant information, which it could obtain from the Defendants through discovery or by requesting the information under the Florida Sunshine Act; and

- The burden or expense of the proposed discovery outweighs its likely benefit. Heritage Action's position on election reform is already a matter of public record, nor is it any secret that Heritage Action seeks to promote adoption of the public policies promoted by The Heritage Foundation.

Request for Production No. 4:

*All Documents and Communications related to advocating or lobbying for legislation to address election reform, election security, or voter fraud following the 2020 General Election.*

Response to Document Request 4

Heritage Action objects to this request for all of the reasons set forth above in the General

Objections.   This request is not proportional to the needs of the case because, among other reasons:

- The information requested is protected under the First Amendment;

- The information requested is neither relevant nor necessary to resolving the issues in the present action;

- The time frame for this request is overbroad;

- The Plaintiffs have equal or similar access to the potentially relevant information, which it could obtain from the Defendants through discovery or by requesting the information under the Florida Sunshine Act;

- The burden or expense of the proposed discovery outweighs its likely benefit. Heritage Action's position on election reform is already a matter of public record, nor is it any secret that Heritage Action seeks to promote adoption of the public policies promoted by The Heritage Foundation; and

- Any communications related to advocating or lobbying for legislation to address election reform, election security, or voter fraud following the 2020 General Election unrelated to Florida is irrelevant to the present action.

Request for Production No. 5:

*All Documents and Communications assessing or predicting the potential impact of SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills, including, but not limited to, impact on Black and Latino voters, people with disabilities, and elderly people.*

Response to Document Request 5

Heritage Action objects to this request for all of the reasons set forth above in the General Objections.   This request is not proportional to the needs of the case because, among other

reasons:

- The information requested is protected under the First Amendment;

- The information requested is neither relevant nor necessary to resolving the issues in the present action;

- The time frame for this request is overbroad;

- The Plaintiffs have equal or similar access to the potentially relevant information, which it could obtain from the Defendants through discovery or by requesting the information under the Florida Sunshine Act; and

- The burden or expense of the proposed discovery outweighs its likely benefit.

  Heritage Action's position on election reform is already a matter of public record, nor is it any secret that Heritage Action seeks to promote adoption of the public policies promoted by The Heritage Foundation.


Respectfully submitted,


    /Heidi K. Abegg/
Heidi K. Abegg
Webster, Chamberlain & Bean, LLP
1747 Pennsylvania Avenue, Suite 1000
Washington, D.C. 20006
(202) 785-9500
habegg@wc-b.com

Attorney for Non-Party Heritage Action
For America

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of September, 2021, a copy of the foregoing **Non-Party Heritage Action for America's Objections to Plaintiffs' Rule 45 Request for Production of Documents** was served by United States mail, first-class postage prepaid, and via electronic mail, on the following counsel of record in *Florida State Conference of the NAACP et al. v. Laurel M. Lee, Secretary of State of Florida, et al.*, Civil Action No. 4:21-cv-187-MW-MAF (N.D. Fla. 2021):

Robert D. Fram
Covington & Burling LLP
415 Mission Street
San Francisco, CA 94105
rfram@cov.com

Nellie L. King
The Law Offices of Nellie L. King, P.A.
319 Clematis Street, Suite 107
West Palm Beach, FL 33401
Nellie@CriminalDefenseFla.com

P. Benjamin Duke
Shira M. Poliak
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
pbduke@cov.com
spoliak@cov.com

John Z. Morris
Michael Pernick
Morenike Fajana
NAACP Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
zmorris@naacpldf.org
mpernick@naacpldf.org
mfajana@naacpldf.org

Morgan Saunders
Covington & Burling LLP

11

850 Tenth Street, N.W.
Washington, DC 20001
bcavataro@cov.com
jkhazem@cov.com
vwilliamson@cov.com
msaunders@cov.com

                                          ___/Heidi K. Abegg/_____
                                          Heidi K. Abegg

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**

—————————————————
FLORIDA STATE CONFERENCE )
OF THE NAACP et al., )
Plaintiff, )
)
v. ) Civil Action No. 4:21-cv-187-MW-MAF
)
LAUREL M. LEE, SECRETARY )
OF STATE OF FLORIDA et al, )
Defendant. )
—————————————————)

**NON-PARTY THE HERITAGE FOUNDATION'S OBJECTIONS TO**
**PLAINTIFFS' RULE 45 REQUEST FOR PRODUCTION OF DOCUMENTS**

Non-party The Heritage Foundation ("Heritage"), by counsel, and pursuant to Rules 26

and 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby objects

to the document production requests set forth in the *subpoena duces tecum* issued by Plaintiffs

Florida State Conference of the NAACP ("Plaintiffs").  Heritage reserves the right to raise

additional objections as they appear warranted.  These objections are based upon the best

relevant information presently available to Heritage and are made without prejudice to the right

of Heritage to provide additional or modified objections should better or further information or

belief subsequently become available to Heritage.

**GENERAL OBJECTIONS**

Heritage objects to the *subpoena* as a whole on the grounds that it does not seek

information relevant to any subject matter involved in the pending action and is not reasonably

calculated to lead to the discovery of admissible evidence, but, instead, is intended to harass and

oppress Heritage, to delve into privileged matters, and to create undue burden and expense for

Heritage in the conduct of its First Amendment-protected rights.

Plaintiffs have a responsibility to avoid imposing undue burden or expense on a nonparty subject to a subpoena. Fed R. Civ. P. 45(d)(1). In assessing whether a burden is undue under Rule 45, a court will look at the factors articulated in Rule 26(b) of the Federal Rules of Civil Procedure. *Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007). Rule 26 generally limits discovery to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs to the case. Fed. R. Civ. P. 26(b)(1).

In evaluating discovery requests of non-parties, one must consider the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This *subpoena* fails on most of these factors.

First, Plaintiffs have requested documents privileged under the First Amendment. The United States Constitution guarantees a right to engage in activities which the First Amendment protects, including the right to petition the government, the right to associate, and the right of speech. The right to petition entitles citizens to communicate with their government officials to express ideas and concerns. *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 388-89 (2011). "[P]etitioning the government is equally central to First Amendment values." *State of Wyoming v. United States Dep't of Agric.*, 208 F.R.D. 449, 454 (D.D.C. 2002). This right incorporates the right to associate with others in a joint effort to convince the government to take particular actions. *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 525 (2002) (quoting *E.R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 131 (1961)). These First Amendment protections apply in the context of discovery as well because the compelled disclosure of affiliations and activities can impose just as substantial a burden on First Amendment rights as can direct regulation. *AFL-CIO v. FEC*, 333 F.3d 168, 175-76 (D.C. Cir. 2003) (citing *Buckley v. Valeo*,

2

424 U.S. 1, 64-68 (1976)); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462-63 (1958)). Turning over documents related to Heritage's communications with the Florida governor and state legislators ("Government") would frustrate Heritage's ability to pursue its legislative goals by "revealing to their opponents 'activities, strategies and tactics.'"  *AFL-CIO*, 333 F.3d at 177. The First Amendment provides a privilege against compelled disclosure of information through any mode of discovery where the intent or practical effect of enforcing it would chill the rights of speech, association, and petition.  *NAACP v. Alabama*, 357 U.S. at 466.  This is even more apparent in Document Request 4, which is not limited to Florida, but requests any external or internal document "related to advocating or lobbying for legislation to address election reform, election security, or voter fraud following the 2020 General Election." Heritage objects to the Request because it is not limited to the relevant subject matter of this lawsuit – Florida's law – but requests irrelevant documents relating to any "advocating or lobbying for legislation to address election reform, election security, or voter fraud following the 2020 General Election" anywhere in the country. Heritage objects on the grounds that such documents are not relevant to the case, and the search and production of such documents would be unduly burdensome. Further, the information sought is not relevant to any subject matter in the pending action and not reasonable calculated to lead to the discovery of admissible evidence.

 This *subpoena* impermissibly penalizes and restrains the exercise of Heritage's right to petition the Government by requiring it to disclose communications to the Government, as well as internal communications.  This compelled disclosure will adversely affect the ability of Heritage and its supporters to collectively advocate for policies by inducing Heritage and its supporters to withdraw support or cease petitioning the Government for fear that exposure of their beliefs and communications will lead to threats, harassment, or reprisal.

 Second, the documents requested are completely irrelevant to the matter at hand.

Plaintiffs do not and cannot express a legitimate basis for the requested documents, let alone assert a compelling need which is required to justify the infringement of Heritage's First Amendment rights.  Heritage's petitioning of the Government has no relation to the subject of the lawsuit, namely, the constitutionality of a law regarding elections and voting.  What Heritage did or did not communicate during its petitioning of the Government is not relevant to the constitutionality of the law, the Plaintiffs' statutory arguments, or to any party's claim or defense in the lawsuit.  These privileged documents are of minimal relevance at best because Heritage is not a party, and the documents relate only to Heritage's efforts and its views. A greater showing of relevance and need is required where First Amendment issues are at stake in order to give more protection to First Amendment values.  *Austl. E. USA Shipping Conf. v. United States*, 537 F. Supp. 807, 810, 812 (D.C. Cir. 1982).

When a claim of associational privilege is asserted, the relevance standard is more exacting than the minimal showing of relevance under Rule 26(b)(1), and the information must go to the heart of the matter.  *State of Wyoming v. United States of Dep't of Agric.*, 239 F. Supp. 2d 1219, (D. Wyo. 2002), *vacated as moot*, 414 F.3d 1207, 1241 (10th Cir. 2005).  The privileged documents, particularly Heritage's internal communications, have no bearing on the Plaintiffs' claims that the law violates the Voting Rights Act, the First and Fourteenth Amendments to the United States Constitution, or Title II of the Americans with Disabilities Act.  Furthermore, Heritage's position on election reform is already a matter of public record.  That Heritage seeks to promote adoption of its public policies is likewise a matter of public record.  These requests encroach so fundamentally on Heritage's protected rights, however, that objection is necessary. These privileged documents could be used to harass, threaten, and chill the petition, speech and associational rights of Heritage.

Third, Heritage objects to the *subpoena* because it is not proportional to the needs of the

4

case and Plaintiffs could more easily obtain the documents sought hereunder through discovery

on the Defendants or through requests filed under Florida's Sunshine Law.  Heritage objects to

the Request to the extent that the documents are within the possession and/or control of the

Defendants.  To the extent that the Request calls for such documents, it is unduly burdensome

and exceeds the scope of obligations imposed by the Federal Rules of Civil Procedure.  Rule

26(b)(2) limits discovery if the discovery sought it "unreasonably cumulative or duplicative, or

can be obtained from some other source that is more convenient, less burdensome, or less

expensive." Even if the Plaintiffs cannot obtain the privileged documents from other sources, the

information is not relevant and therefore, it is not necessary for the Plaintiffs to receive the

information to continue to pursue their claims.

"[T]he right to petition [the government is] one of the most precious of the liberties

safeguarded by the Bill of Rights" because "the right is implied by the very idea of a

government, republican in form." *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524-25 (2002)

(internal quotation marks and alteration omitted); *see also United Mine Workers v. Ill. State Bar

Ass'n*, 389 U.S. 217, 222 (1967) (holding the right to petition government is "among the most

precious of the liberties safeguarded by the Bill of Rights").  Being forced to comply with the

*subpoena* would chill and frustrate Heritage's right to petition the Government.

Fourth, while Plaintiffs agreed to limit the time frame of the document requests from

January 1, 2019 to the present, this time frame is still overbroad and reaches irrelevant

documents. Documents created after enactment of the Florida law at issue, particularly any

document that was not shared with the Government, can have no bearing on the constitutionality

of the law or the Plaintiffs' statutory claims.

Heritage objects to providing any documents covered by the attorney-client or work

product privileges, or that are otherwise protected from disclosure under applicable privileges,

immunities, laws or rules.  Heritage also objects to producing any documentation identifying supporters or containing confidential information relating to any of its supporters on grounds of the First Amendment right to associate in private.


### SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

<u>Request for Production No. 1:</u>

*All Documents and Communications reflecting, discussing, or otherwise relating to any rationale(s) for enacting SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills.*


<u>Response to Document Request 1</u>

Heritage objects to this request for all of the reasons set forth above in the General Objections.  This request is not proportional to the needs of the case because, among other reasons:

- The information requested is protected under the First Amendment;

- The information requested is neither relevant nor necessary to resolving the issues in the present action;

- The time frame of the request is overbroad;

- The Plaintiffs have equal or similar access to the potentially relevant information, which it could obtain from the Defendants through discovery or by requesting the information under the Florida Sunshine Act; and

- The burden or expense of the proposed discovery outweighs its likely benefit.

  Heritage's position on election reform is already a matter of public record, nor is it any secret that Heritage seeks to promote adoption of its public policies.

6

Request for Production No. 2:

*All Documents and Communications with Governor DeSantis discussing, or otherwise relating to SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills.*

Response to Document Request 2

Heritage objects to this request for all of the reasons set forth above in the General

Objections.  This request is not proportional to the needs of the case because, among other

reasons:

- The information requested is protected under the First Amendment;

- The information requested is neither relevant nor necessary to resolving the issues in the present action;

- The time frame of the request is overbroad;

- The Plaintiffs have equal or similar access to the potentially relevant information, which it could obtain from the Defendants through discovery or by requesting the information under the Florida Sunshine Act; and

- The burden or expense of the proposed discovery outweighs its likely benefit. Heritage's position on election reform is already a matter of public record, nor is it any secret that Heritage seeks to promote adoption of its public policies.

Request for Production No. 3:

*All Documents and Communications with any member of the Florida State Legislature discussing, or otherwise relating to SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills.*

Response to Document Request 3

Heritage objects to this request for all of the reasons set forth above in the General

7

Objections.   This request is not proportional to the needs of the case because, among other reasons:

- The information requested is protected under the First Amendment;

- The information requested is neither relevant nor necessary to resolving the issues in the present action;

- The time frame of the request is overbroad;

- The Plaintiffs have equal or similar access to the potentially relevant information, which it could obtain from the Defendants through discovery or by requesting the information under the Florida Sunshine Act; and

- The burden or expense of the proposed discovery outweighs its likely benefit.

  Heritage's position on election reform is already a matter of public record, nor is it any secret that Heritage seeks to promote adoption of its public policies.

Request for Production No. 4:

*All Documents and Communications related to advocating or lobbying for legislation to address election reform, election security, or voter fraud following the 2020 General Election.*

Response to Document Request 4

Heritage objects to this request for all of the reasons set forth above in the General Objections.   This request is not proportional to the needs of the case because, among other reasons:

- The information requested is protected under the First Amendment;

- The information requested is neither relevant nor necessary to resolving the issues in the present action;

- The time frame for this request is overbroad;

- The Plaintiffs have equal or similar access to the potentially relevant information, which it could obtain from the Defendants through discovery or by requesting the information under the Florida Sunshine Act;

- The burden or expense of the proposed discovery outweighs its likely benefit. Heritage's position on election reform is already a matter of public record, nor is it any secret that Heritage seeks to promote adoption of its public policies; and

- Any communications related to advocating or lobbying for legislation to address election reform, election security, or voter fraud following the 2020 General Election unrelated to Florida is irrelevant to the present action.


Request for Production No. 5:

*All Documents and Communications assessing or predicting the potential impact of SB 90 or HB 7041 or any prior versions of SB 90 or HB 7041 or other predecessor or related bills, including, but not limited to, impact on Black and Latino voters, people with disabilities, and elderly people.*

Response to Document Request 5

Heritage objects to this request for all of the reasons set forth above in the General Objections.   This request is not proportional to the needs of the case because, among other reasons:

- The information requested is protected under the First Amendment;

- The information requested is neither relevant nor necessary to resolving the issues in the present action;

- The time frame for this request is overbroad;

- The Plaintiffs have equal or similar access to the potentially relevant information, which it could obtain from the Defendants through discovery or by requesting the information

under the Florida Sunshine Act; and

- The burden or expense of the proposed discovery outweighs its likely benefit.

  Heritage's position on election reform is already a matter of public record, nor is it any

  secret that Heritage seeks to promote adoption of its public policies.

Respectfully submitted,


___/Heidi K. Abegg/_____
Heidi K. Abegg
Webster, Chamberlain & Bean, LLP
1747 Pennsylvania Avenue, Suite 1000
Washington, D.C. 20006
(202) 785-9500
habegg@wc-b.com

Attorney for Non-Party The Heritage
Foundation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of September, 2021, a copy of the foregoing **Non-Party The Heritage Foundation's Objections to Plaintiffs' Rule 45 Request for Production of Documents** was served by United States mail, first-class postage prepaid, and via electronic mail, on the following counsel of record in *Florida State Conference of the NAACP et al. v. Laurel M. Lee, Secretary of State of Florida, et al.*, Civil Action No. 4:21-cv-187-MW-MAF (N.D. Fla. 2021):

Robert D. Fram
Covington & Burling LLP
415 Mission Street
San Francisco, CA 94105
rfram@cov.com

Nellie L. King
The Law Offices of Nellie L. King, P.A.
319 Clematis Street, Suite 107
West Palm Beach, FL 33401
Nellie@CriminalDefenseFla.com

P. Benjamin Duke
Shira M. Poliak
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
pbduke@cov.com
spoliak@cov.com

John Z. Morris
Michael Pernick
Morenike Fajana
NAACP Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
zmorris@naacpldf.org
mpernick@naacpldf.org
mfajana@naacpldf.org

Morgan Saunders
Covington & Burling LLP

11

850 Tenth Street, N.W.
Washington, DC 20001
bcavataro@cov.com
jkhazem@cov.com
vwilliamson@cov.com
msaunders@cov.com

       __/Heidi K. Abegg/_____
       Heidi K. Abegg