UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-81824-MC-MIDDLEBROOKS

FLORIDA STATE CONFERENCE OF BRANCHES
AND YOUTH UNITS OF THE NAACP, *et al.*,

    Plaintiffs,

v.

LAUREL M. LEE, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO QUASH SUBPOENA
## AND FOR PROTECTIVE ORDER

    THIS CAUSE comes before the Court on Non-Party Heritage Action for America's Motion to Quash and for Protective Order. (DE 10). This action is a discovery offshoot of a case Plaintiffs Florida State Conference of Branches and Youth Units of the NAACP, Common Cause, and Disability Rights Florida ("Plaintiffs") have filed in the Northern District of Florida challenging Florida's Senate Bill 90 as an illegal and unconstitutional burden on the right to vote. (DE 1-3 at ¶ 8). As part of that litigation, on August 6, 2021, Plaintiffs served third-party subpoenas on the Heritage Foundation and Heritage Action for America requesting production of "Documents and Communications reflecting, discussing, or otherwise relating to any rationale(s) for enacting SB 90 or HB 7041," including documents and communications with Governor DeSantis and any member of the Florida State Legislature. (DE 1-5 at 20–21; DE 1-6 at 20–21). On October 19, 2021, I granted Plaintiffs' Motion to Compel. (DE 12).

    Non-Party Heritage Action for America ("Heritage Action") has brought the present Motion seeking (1) to quash a separate deposition subpoena; and (2) a protective order. (DE 10 at 12).

Heritage Action asserts that it has filed its Motion in this District because "the subpoena at issue identifies . . . West Palm Beach, Florida as the place where the deposition will take place." (DE 10 at 1). However, under Federal Rule of Civil Procedure 30(b)(4), a deposition by remote means "takes place where the deponent answers the questions." Fed. R. Civ. P. 30(b)(4). Because the deponent here "is to answer questions from a remote location, presumably Washington, DC," the deposition is not set to take place in this District, and, as such, this is not the appropriate forum to entertain Heritage Action's Motion. *See* Fed. R. Civ. P. 45(3)(A)("On timely motion, the court for the district *where compliance is required* must quash or modify a subpoena . . .) (emphasis added); Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order *in the court where the action is pending*—or as an alternative on matters relating to a deposition—*in the court where the deposition will be taken*.") (emphasis added).

Accordingly, it is **ORDERED AND ADJUDGED** that Heritage Action's Motion to Quash and for Protective Order is **DENIED WITHOUT PREJUDICE**.

**SIGNED** in Chambers, at West Palm Beach, Florida, this 21st day of October, 2021.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record

2